United States District Court
Southern District of Texas
**ENTERED**
November 09, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Jose Guadalupe Bautista Saucedo, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No. 4:26-cv-5543 |
| | § | |
| Markwayne Mullin, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Jose Guadalupe Bautista Saucedo is a native and citizen of Mexico who concedes that he unlawfully entered the United States in 1997. Doc. 1 ¶ 16. Petitioner seeks a writ of *habeas corpus* under 28 U.S.C. § 2241 on the grounds that his present detention without a bond hearing violates (i) substantive due process; (ii) procedural due process; (iii) the Administrative Procedure Act; and (iv) the Suspension Clause of Article I of the Constitution. Doc. 1 ¶¶ 29–53

Now before the Court is Respondent's Motion for Summary Judgment, Doc. 8, to which Petitioner has responded in opposition, Doc. 9. Respondent maintains that Petitioner is not entitled to a bond hearing because he is an "applicant for admission" under 8 U.S.C. § 1225(b)(2)(A) and is therefore subject to mandatory detention during his removal proceedings. *See* Doc. 8 at 7; *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

On October 23, 2026, the Fifth Circuit issued an *en banc* decision regarding the constitutionality of detention under § 1225(b)(2)(A). *See Sosnava Rodriguez v. Vergara*,

No. 26-50183, 2026 WL 3181188 (5th Cir. Oct. 23, 2026). There, the Fifth Circuit held that neither procedural nor substantive due process requires a bond hearing or other process beyond that provided by Congress for aliens in removal proceedings who have never been admitted to the United States. *Id.* at *5, *9–12. Indeed, for such aliens, "the decisions of executive or administrative officers, acting within powers expressly conferred by Congress, *are* due process of law." *Id.* at *5 (quoting *DHS v. Thuraissigiam*, 591 U.S. 103, 138 (2020)) (emphasis in original). When rejecting the petitioners' substantive due process claims, the Fifth Circuit flatly stated, "Any assertion of a fundamental right to freedom from custody pending removal proceedings fails." *Id.* at *11. Further, the Fifth Circuit addressed the duration of detention without a bond hearing that is constitutionally permissible under § 1225(b)(2)(A): "So long as an alien's detention pending removal 'has a definite termination point'—removal or release—his or her continued confinement without bond hearing does not offend due process." *Id.* at *13 (quoting *Banyee v. Garland*, 115 F.4th 928, 932 (8th Cir. 2024)).

Taken together, the Fifth Circuit's decisions in *Buenrostro-Mendez* and *Sosnava Rodriguez* resolve any claims in the Petition that Petitioner's present detention violates the Immigration and Nationality Act or the Fifth Amendment's Due Process Clause.[1]

---

[1] Although these decisions do not disturb the due process constraints articulated in *Zadvydas v. Davis*, 533 U.S. 678 (2001) regarding the presumptively constitutional six-month period of post-removal order detention, Petitioner is not yet subject to a final order of removal.

The Court has previously resolved Petitioner's remaining challenges, determining that the United States may subject aliens awaiting a final removal order to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Campos Bernal v. Frink*, No. 4:26-cv-2239, 2026 WL 1804234 (S.D. Tex. June 23, 2026) (holding that detention under § 1225(b)(2)(A) does not violate (i) the Immigration and Nationality Act; (ii) substantive due process; (iii) procedural due process; (iv) the Fourteenth Amendment's Equal Protection Clause; (v) the Administrative Procedure Act; (vi) the Suspension Clause of Article I of the Constitution; or (vii) the *Accardi* Doctrine). This Court held that for aliens such as Petitioner, pre-removal-order detention is both demanded by the Immigration and Nationality Act and a constitutionally permissible part of the removal process. *See id.* at *1, *4 (citing *Demore v. Kim*, 538 U.S. 510, 531 (2003)).

As such, Respondent's Motion for Summary Judgment is GRANTED, and the Petition for writ of *habeas corpus* is DENIED. This action is DISMISSED WITH PREJUDICE. A final judgment will be entered separately.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 9th of November, 2026.

Nicholas J. Ganjei
United States District Judge